IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREGORY LUCAS,<br><br>      Plaintiff,<br><br>v.<br><br>SPRINT PCS, REEVE BORDEN, Connected Wireless, CHAD, Supervisor at Connected Wireless, DANIELLE HOLT, Connected Wireless, RICHARD ROE (unknown at this time) Sprint/PCS Complaint Investigative Person,<br><br>      Defendants. | Case No. 2:06-CV-949-DAK<br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by *pro se* Plaintiff, Gregory Lucas, who is also proceeding *in forma pauperis*. Having carefully reviewed Plaintiff's complaint, the court recommends that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

### BACKGROUND

Plaintiff's complaint was filed on November 13, 2006 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2), and the same day

1

Plaintiff also filed a motion requesting service of process (Docket Entry #4). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on December 6, 2006, pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entry #5.)

On January 8, 2007, the court issued an order requiring Plaintiff to file an amended complaint within thirty days setting forth with sufficient specificity Plaintiff's federal claim and the supporting facts. The court explained to Plaintiff that his original complaint failed to state a federal claim on which relief may be granted, and that pursuant to Section 1915(e)(2)(B), the court would recommend that Plaintiff's complaint be dismissed unless Plaintiff remedied the deficiencies in the complaint by filing an amended complaint. To date, Plaintiff has not filed an amended complaint or otherwise responded to the court's January 8, 2007 order.

## ANALYSIS

Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.; see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes

that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, at 28 U.S.C. § 1915(e)(2)(B), the law directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because Plaintiff is proceeding *in forma pauperis*, the court must consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

Plaintiff alleges in his complaint that he gave Defendants Chad and Reeve Borden $100.00 as a deposit on a credit check in order to receive a free cell phone. Plaintiff alleges that he was then given a receipt for only $50.00 and then sent a bill for $189.00. He claims that the bill was false, confusing, misleading, and incorrect. Plaintiff claims that when he requested that the bill be corrected, the Sprint representatives did not properly correct the situation. Plaintiff alleges that the Sprint representatives changed Plaintiff's cell phone service plan to a more expensive plan he did not want or request.

Plaintiff has listed 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 as the legal bases of his complaint. However, having examined Plaintiff's complaint in light of each of these statutes, the court concludes that Plaintiff's complaint does not set forth sufficient facts to support a cause of action under any of these statutes.

Turning first to Section 1983, the court notes that Plaintiff alleges that Defendants were acting under color of state law, which is a required element of an action brought under Section 1983. However, Plaintiff has not alleged any facts that support such an allegation. Instead, the facts support that Defendants were employees of a private company. As a result, the facts set forth in the complaint do not support that Defendants were acting under color of state law. Thus, Plaintiff has failed to set forth facts that support a Section 1983 claim.

Second, turning to Section 1985, Plaintiff has not set forth any facts that would support a claim that Defendants were preventing an officer from performing his duties, or that Defendants were somehow obstructing justice. Instead, it appears Plaintiff is trying to allege there was a conspiracy to deprive him of his rights and privileges, under subsection (3). However, the Tenth Circuit has held that a Section 1985 conspiracy claim requires "class-based discriminatory animus." *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979). The complaint must therefore "allege facts showing a conspiracy against plaintiff

4

because of [his] membership in a class, and that the criteria defining the class were invidious." *Id.* (quotation omitted). Plaintiff's complaint does not allege that he is a member of any class that is defined by invidious criteria, nor are there any allegations that any class membership was a motivating factor in the alleged conspiracy. Thus, Plaintiff has failed to set forth facts that support a Section 1985 claim.

Third, in order to establish a claim under 42 U.S.C. § 1986, Plaintiff must show that a defendant had "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed." Because Plaintiff has not set forth a claim under Section 1985, Plaintiff has not set forth that wrongs listed under Section 1985 were about to be committed. As a result, Plaintiff has not set forth facts sufficient to support a claim under Sections 1986. Thus, Plaintiff has failed to state a claim under Sections 1983, 1985, and 1986.

As discussed above, 28 U.S.C. § 1915(e)(2)(B) directs the court to dismiss a case in which the Plaintiff is proceeding *in forma pauperis* if the Plaintiff's complaint fails to state a claim on which relief may be granted. The court has determined that Plaintiff's complaint fails to state a claim on which relief may be granted. Because Plaintiff is proceeding *in forma pauperis*, the court therefore must recommend that Plaintiff's complaint be dismissed.

## RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be dismissed for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. See 28 U.S.C. § 636(b)(1). Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 21st day of February, 2007.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge